PERPETUITIES (§ 7*)—SUSPENSION OF POWER OF ALIENATION.
    Where the beneficiary of a trust fund, having the power of appointment as to the remainder on the termination of his life estate, gave part of the fund to his daughter in trust, and provided that the remainder should be paid to one E. in weekly installments, and that in case of death before payment of the whole the unpaid balance should revert to the trust fund for the daughter, there was an unlawful suspension of alienation in the latter provision, rendering it void.
    [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 48, 54, 55; Dec. Dig. § 7.*]

In the matter of the judicial settlement of the account of Frank C. Lang, trustee, under the will of Martha E. McLoughlin, deceased. Decree rendered.

John T. Sackett, for trustee.
Frederick J. Stone, for Florence McLoughlin.
Frank B. Vermilya, for Edna M. Harris, formerly Edna M. Wilson.

KETCHAM, S.   The will of the testatrix established a trust for the life and benefit of her son, Edmund, and bequeathed the fund of such trust unto such person or persons, and in such sums, as he should direct by his will.   Edmund died after the testatrix, leaving a will which contains an appointment of the fund in question, which was held upon the trial to be effectual, except as to the feature thereof considered infra.

After several provisions for the payment of specific sums from the share allotted to him in his mother's will, Edmund gives $10,000 in trust for the life of his daughter, Edna M. Janz, with remainder to her appointees, or, in default of appointment, to persons named. He then gives (appoints) to Edna M. Wilson the residue, to be paid to her in weekly installments of $15, continuing until the entire residue shall be exhausted.   Then follows the direction:

"In the event of the death of said Edna M. Wilson before all the residue of estate has been paid to her, or before I do, then all remaining balance shall revert to the trust fund created for benefit of my daughter Edna."

If the provision last quoted should become active, there would be a suspension of the absolute ownership of a portion of the estate of the testatrix for the lives of Edmund, Edna M. Wilson, and Edna M. Janz.   It results that the appointment that the remaining balance shall revert to the trust fund for the benefit of the daughter is void, but the taint of unlawful suspension is not communicated to the other provisions of the will.   Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917.
    The decree should follow the will of Edmund so far as applicable.
    Decreed accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes